Argued and submitted April 29,
remanded for resentencing June 8, 1981

STATE OF OREGON,
*Respondent,*

*v.*

PETER BRENTZ SMITH,
*Appellant.*

(No. CC80-289, CA 19272)

629 P2d 420

D. Richard Hammersley, Portland, argued the cause for appellant. With him on the brief was Brad L. Johnson, Portland.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were David B. Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals his conviction for possession of a controlled substance, assigning as error, first, the court's denial of defendant's motion to suppress evidence, and, second, the court's consideration, in imposing sentence, of defendant's decision to stand trial rather than enter a plea.

As to the suppression issue we have considered only the facts presented at the suppression hearing. Without detailing those facts here, we conclude defendant's consent to search was voluntary, and, therefore, the court's denial of the motion was proper. *State v. Kennedy,* 290 Or 493, 506, 624 P2d 99 (1981).

Defendant's second assignment of error is based upon the following comments of the court at the sentencing hearing.

"THE COURT:     * * * What you did was a fairly serious offense under Oregon Law. You came into the court and said you didn't do it; the jury said you did do it. We've had a considerable contest here as to that. I think that you clearly committed a crime, and I think in this kind of case that there ought to be a label attached to that situation that says you did commit a crime. And I'm aware of what Mr. Hammersley is saying and urging, and that is that I pretty much discharge you without that kind of treatment, and I frankly don't feel that's appropriate.

"DEFENSE COUNSEL:   It's my understanding that you'd have to make a recommendation of deferred misdemeanor treatment before he would be eligible for it in the future, and I would ask that you make that recommendation at this time if he successfully completes probation.

"THE COURT:   Well, sir, I do that ordinarily for people who own up to their misdeeds and make that a part of a negotiated plea. I usually don't do that kind of thing when people come into court and say, I didn't do it. That's my feeling. I feel at this point I won't."

Defendant contends these statements by the court and the court's refusal to include a recommendation of deferred misdemeanor treatment punished defendant for exercising his constitutional right to stand trial.

The court in *United States v. Wiley,* 267 F 2d 453, 455 (7th Cir 1959), considered a similar set of circumstances. There defense counsel asked the trial court to

consider granting probation to defendant; the court responded by saying,

"* * * Had there been a plea of guilty in this case probably probation might have been considered under certain terms, but you are all well aware of the standing policy here that once a defendant stands trial that element of grace is removed from the consideration of the Court in the imposition of sentence."

The appellate court concluded that probation could not be denied solely because defendant had elected not to enter a guilty plea.

In *United States v. Stockwell,* 472 F2d 1186, 1187, 1188 (9th Cir), *cert denied,* 411 US 948 (1973), the court said:

"We recognize the variety of considerations that can bear upon a sentence. A genuine admission of guilt may properly result in a lighter sentence than would be appropriate for an intransigent and unrepentant malefactor. *See, e.g., Gollaher v. United States,* 419 F 2d at 530. However, courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice."

"* * * * *

"* * * the record must affirmatively show that the court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty. *See generally* A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 1.8, at 36-37 (1968)."

■ In the present case the trial court based its sentence on the fact that the court reserved favored treatment "for people who own up to their misdeeds," i.e., plead guilty. We conclude such a policy does punish a defendant who exercises his right to stand trial, and we remand for resentencing.

Remanded for resentencing.