Argued and submitted June 1, convictions affirmed; remanded for resentencing
August 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES CLARK FITZGIBBON,
*Appellant.*

(440229; CA A70491)

836 P2d 154

Michael H. Bloom, Portland, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was convicted on two counts of harassment. ORS 166.065. He appeals, asking that his convictions be reversed or, in the alternative, that the sentence imposed be vacated and the case be remanded for resentencing.

Seven of defendant's assignments of error are without merit. We limit our discussion to the sixth assignment, on which we remand for resentencing.

In that assignment, defendant argues that the trial judge punished him for exercising his right to stand trial. Defendant claims that the trial judge was considerably more harsh in sentencing him after the trial than she would have been had he agreed to plead guilty. Before the trial began, the trial judge and defense counsel had this discussion:

"[THE COURT]: You had something you wanted to say on the record?

"[COUNSEL]: Yes, Your Honor, I've talked with my client and concerning what was said in chambers that if he pled today there would be a two-day sentence and if he went to trial he'd be looking at a 30-day sentence.

"[THE COURT]: Well, that's not exactly what I said. But, anyway, what are you getting at?

"[COUNSEL]: Well, based on what you told me, I conveyed it to my client and he feels that based under those circumstances he can't get a fair trial from you.

"[THE COURT]: Well, your client's affidavit, how many judges so far?

"[COUNSEL]: One.

"[THE COURT]: One. The issue here is not whether he goes to trial or not; the issue here as I told you in chambers is whether or not he has a defense. The issue here is whether or not you engage in character assassination, and the issue here is what he says on the stand. Now there is a big difference between someone who comes to trial and is contrite or asking for leniency from the Court from their behavior, and there is another difference with someone who comes to court and wants to take the stand and put the blame on someone else and try to wiggle out of it. Now those are things that I have to look at when I take a look at sentencing. If there is no defense that you can think of to tell me about and you tell me that indeed your client did do some of these things, then I would

be, as I told you, then tipping the couch over on someone is harassment. It would be my opinion that if he admits that he harassed someone, then he's going to be found guilty. I know that there's a possibility always that a jury will do something totally strange, but you never know. But if he does take the stand, if he's less than candid with the Court, if he's not contrite with his behavior and he's found guilty, he will get a jail sentence. There's a big difference between someone who says yes I have an alcohol problem, I am in treatment or I need to be in treatment, I need some anger and violence control counseling, I need to take a look at my behavior and move on. Or someone who comes to court and says he was the one that was drunk, she's the one that was drinking, she's the one that made this happen, whatever. You haven't told me any defense.

"When I'm faced with a defense attorney that comes into chambers and yells at the DA, is cross and obnoxious to the DA and he's obnoxious to the Court, you know, not answering my questions, then I'm put in a position, I don't even know what the case is about. That's fine. You can defend by ambush if that's your choice.

"[COUNSEL]: Your Honor —

"[THE COURT]: But I'm not going to recuse myself nor can we file an affidavit.

"[COUNSEL]: Your Honor, I think your characterization of what occurred in chambers I would take issue with. However, I don't think there's any rule that requires any attorney to disclose a defense of his case.

"[THE COURT]: Of course —

"[COUNSEL]: And I would also like to point out that my client has not taken the stand, has not communicated any evidence whatsoever to this Court. All I'm saying is that the fact that you indicated that you would give him two days if he pled and 30 days if he tried the case.

"[THE COURT]: The State offered you 10 days if he pled today. I said I would be inclined to give him a weekend, anger and violence control counseling, normal conditions of probation, some alcohol treatment. That's what I would be inclined to do today.

"[COUNSEL]: I understand —

"[THE COURT]: After he takes the stand and — attorneys that have tried many cases, and you tell me you have tried 400 cases, that's wonderful, but attorneys who have

tried a large number of cases know that oftentimes when their client takes the stand especially in a criminal case that the judge hears things that sound a lot worse coming from the witness stand than they sound coming from the mouths of an attorney as to what the facts of the case were.

"And, of course, you're not required to tell me what your defense is.

"[COUNSEL]: Your Honor, I think the problem I have with this — and I just want to state my position and then you can go ahead and rule, I understand your position — is that the fact that if he were to be found guilty you told me it would be a 30-day sentence and you told me to convey that to my client and now —

"[THE COURT]: I said that's what you're looking at if he takes the stand and we go through this trial, and that's what I told you and that's what he's looking at. That is a reasonable sentence for someone who wishes to contest this issue and put the blame on the spouse, if they're found guilty.

"[COUNSEL]: Your Honor —

"[THE COURT]: If he's not found guilty, he's not looking at anything.

"[COUNSEL]: Your Honor, we intend to prove that [defendant] is not guilty, as I indicated to you in chambers. That is our intention. We are not engaging in any bad faith efforts in this court. However, my problem with this is that I feel that an either/or situation, if he pled today he would receive two days and the other anger control and alcohol evaluation, as opposed to the 30 days if he were to be found guilty and try the case, I believe seriously punishes the Defendant for exercising his right to stand trial.

"[THE COURT]: I'm not going to punish anyone for having the trial. If someone, as I have told you before, takes the stand and is less than candid with the Court and with the jury and if the jury doesn't believe their story and they come back with a guilty, then I am led to believe that what the Defendant has said on the stand and what his witnesses have said is probably not what is being believed, if they find him guilty. And if he insists that she is the one that's drinking and the jury doesn't find that to be the case and he insists that she's the one that's at fault and not him and that he didn't do these things, then it's a totally different situation. And you know and I know that in Federal Court that negotiated pleas are based upon whether or not someone is willing to accept responsibility for their behavior and talk to the Court about

that behavior and move on with their life or whether they wish to go to trial, they wish to contest it. Those are two different mind sets. I'm dealing with two different people, I'm dealing with two different situations. That's what I'm looking at. I'm not looking at a penalty for trial.

"[COUNSEL]: Your Honor, I understand that —

"[THE COURT]: Well, I have made my ruling.

"[COUNSEL]: I would make —

"[THE COURT]: You conveyed to your client the court's position today, what the State's offer was, and it's quite possible he could get a year and a half if he's convicted of all three of these charges.

"[COUNSEL]: Your Honor —

"[THE COURT]: That's possible. And I'm certainly not going to limit myself to 30 days if he goes to trial. I may give him two days, I may not give him any time, I may give him 30 days, I may give him a year and a half. Who knows. Once you take the stand, who knows.

"[COUNSEL]: Your Honor, I would like for the record, it is a motion to ask you to recuse yourself.

"[THE COURT]: I will not recuse myself."

After a guilty verdict by the jury, the judge sentenced defendant to 10 days in jail as one condition of a 3-year probation term.[1] Defendant argues that his sentence demonstrates a "considerably more harsh" sentence than would have been imposed had he pled guilty.[2]

Defendant is correct that a trial judge may not impose a sentence that is longer than it would have been had he not exercised the right to go to trial or not utilized a defense that was inconsistent with owning up to his misdeeds. In *State v. Smith*, 52 Or App 681, 629 P2d 420 (1981), we quoted with approval *United States v. Stockwell*, 472 F2d 1186, 1187 (9th Cir), *cert den* 411 US 948 (1973):

---

[1] Defendant's crimes were committed on March 14, 1991. He was sentenced on July 8, 1991. ORS 137.540(2), as amended, provides that, for "misdemeanors committed on or after November 1, 1989," a probationer may be confined to the county jail as a special condition of probation. Or Laws 1991, ch 196, §§ 1 and 3.

[2] We note that the sentence imposed appears to be consistent with the pretrial plea bargain offer made by the state.

"[C]ourts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice.

"* * * * *

"[T]he record must affirmatively show that the court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty." 52 Or App at 684.

We cannot say that this record affirmatively shows that the trial court sentenced *solely* on the facts and not as a punishment for pleading not guilty. When, as here, fair inferences of improper coercion compete with fair inferences of efforts to explain proper pleading choices fully, we must rule in favor of defendant, because the record does not meet the test we approved in *State v. Smith, supra.*

Convictions affirmed; remanded for resentencing.