Argued and submitted July 24, conviction affirmed; remanded for resentencing
November 29, 1995

STATE OF OREGON,
*Respondent,*

*v.*

SCOTT DEAN QUALEY,
*Appellant.*

(93C-21084; CA A83737)

906 P2d 835

Jossi Davidson argued the cause for appellant. With him on the brief was Gracey & Davidson.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant was convicted of assault in the fourth degree, ORS 163.160, and on appeal, he challenges his sentence. We remand for resentencing.

Defendant was charged by indictment with assault in the second degree, ORS 163.175, and kidnapping in the second degree, ORS 163.225, arising from an altercation he had with his tenant's young child. After a jury trial, defendant was convicted of the lesser included offense of assault in the fourth degree. At sentencing, the court suspended imposition of sentence and placed defendant on probation for 36 months. The court imposed several special conditions of probation, including a requirement that defendant abstain from using intoxicants and that he complete anger management and parenting classes. The court further sentenced defendant to 30 days in jail as a condition of probation, indicating that the time would not have to be served if defendant paid a $2,500 compensatory fine to the victim. Defendant was also ordered to pay restitution, in the amount of $139, to the victim.

Because it is dispositive, we begin by addressing defendant's claim that the trial court punished him for exercising his constitutional right to a jury trial. *See* Or Const, Art I, § 11; US Const, Amend VI. A court must impose a sentence based solely on the facts of the case and the defendant's personal history, and not as punishment for pleading not guilty and proceeding to trial. *State v. Fitzgibbon*, 114 Or App 581, 836 P2d 154 (1992); *State v. Smith*, 52 Or App 681, 629 P2d 420 (1981).

At the sentencing hearing, the court openly expressed displeasure with defendant's decision to take the case to trial:

"From my perspective [defendant], you traumatized [the victim] twice: Once was on the day of the incident, and the second was putting him through this court hearing here again. That was a choice you made after lots of reflection, [and] after plenty of opportunity to consider the alternatives * * *."

After the court conveyed the terms of defendant's sentence, defendant's attorney questioned the motivation behind the sentencing decision:

"It sounds as though part of the sentence being imposed is because [defendant] exercis[ed] his constitutional right to have a trial. He is being penalized because he asked for a trial, and the District Attorney felt compelled to call the witness."

The court responded:

"*[Defendant] is entitled to exercise his rights. He is not insulated from the consequences of doing that when it harms other people and there are viable alternatives.* * * * The District Attorney offered him Assault in the Fourth Degree and no jail time prior to trial, and [defendant] decided to roll the dice and gamble. That involved not only him and court time and you and the D.A., but it also involved the witnesses, including a small child * * *. That was a decision [defendant] made and he is not insulated from the consequences of that simply because he had a constitutional right to make that decision." (Emphasis supplied.)

The court's statements lead to the inference that defendant's sentence, or part thereof, was based on defendant's decision to reject the prosecutor's plea bargain and proceed to trial. After reviewing the record as a whole, we cannot say that the court sentenced defendant *solely* on the facts of his case and personal history. Therefore, we remand the case for resentencing. *Fitzgibbon*, 114 Or App at 587.

■　　Because the issues will likely arise on remand, we address defendant's remaining assignments of error. Defendant first claims that there is no evidence to support a finding that he was reasonably able to pay the $2,500 compensatory fine within the time that the court allotted.[1] In assessing a compensatory fine, a court need not expressly find that a defendant is able to pay; it need only *consider* defendant's ability to pay. ORS 161.645. There was evidence before the court that defendant was employed full-time at his father's business and that he owned his own home. The court did not abuse its discretion in assessing the compensatory fine.

■　　Defendant also assigns error to the court's imposition of a special condition of probation that requires him to abstain from using intoxicants. He contends that the probation condition is not justified because there is no evidence that

---

[1] We will not address defendant's related argument that the trial court lacked authority to impose the compensatory fine, because it was not preserved below. ORAP 5.45(2).

alcohol was involved in the crime he committed. We agree with defendant.

A sentencing court has broad discretion to impose special conditions of probation, but it may not impose a condition that is not reasonably related to the offense or that does not promote public safety or the rehabilitation of the defendant. ORS 137.540(2); *State v. Martin*, 282 Or 583, 580 P2d 536 (1978). In this case, there is no evidence that defendant was under the influence of intoxicants at the time he committed the assault, or that his consumption of alcohol the previous night had any bearing on the crime. Furthermore, there is no evidence from which a finding could reasonably be made that defendant had a past history of alcohol-related problems that would warrant a ban on alcohol consumption for rehabilitative purposes. As the Supreme Court has noted, a special condition of probation ordered for rehabilitative purposes

> "encompasses requiring a convicted offender to abstain from types of conduct shown to have played a role in his past offenses or to take affirmative steps towards developing better patterns of behavior, but it does not give courts open-ended discretion to rearrange an offender's life." *State v. Donovan*, 307 Or 461, 466, 770 P2d 581 (1989).

In short, there appears to be no connection between defendant's inability to control his temper and his possession or consumption of intoxicants.

■    The court's explanation at sentencing does not identify any legitimate basis for imposing the special condition of probation, either.

> "It's because of the testimony that I heard that [defendant] and his buddies were drinking enough the night before and playing poker that the buddies felt that they had to sleep it off in the car before driving home. That gives me some concern. I think he should be evaluated, *and candidly as a matter of further punishment, no alcohol*. We are going to give him a three-year period of being free from alcohol." (Emphasis supplied.)

That statement provides little justification for the alcohol prohibition and suggests that the court imposed the condition for punitive reasons. Special conditions of probation may not

be used as a "substitute form of punishment." *Donovan*, 307 Or at 466.

We conclude that the special condition of probation that defendant abstain from using intoxicants is not reasonably necessary for effective probation or the protection of the public. Therefore, the court abused its discretion in imposing it.

Defendant's remaining assignment of error does not require discussion.

Conviction affirmed; remanded for resentencing.