Argued and submitted October 31, 1995, convictions affirmed; remanded for resentencing April 17, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## KENNETH FRANK REID,
*Appellant.*

(94C-20530; CA A87381)

915 P2d 453

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Paula Johnson Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of one count of sexual penetration in the second degree and two counts of sexual abuse in the first degree. ORS 163.408; ORS 163.427. The charges arose from defendant's abuse of his 12-year-old daughter during visitations pursuant to a dissolution judgment. Defendant assigns error to the departure sentences imposed on the sexual abuse charges. We remand for resentencing.

The trial court based the departure sentences on four aggravating factors: (1) that as a minor and defendant's daughter, the victim was particularly vulnerable to his sexual assaults; (2) that by sexually assaulting his daughter, defendant violated "the public trust placed in [defendant] by our society as a parent"; (3) that the victim suffered a greater than typical harm and loss "because [defendant] did force her to come forward and go to trial and [defendant's] persistent denial has alienated her" from her family; and (4) defendant's lack of remorse.

■ Defendant first argues that the court erred in finding that he violated a public trust.[1] OAR 253-008-002(1)(b)(F) provides for an aggravating factor if the "offense involved a violation of public trust or professional responsibility." Defendant argues that that factor contemplates situations where the offender's crimes also constitute violations of an ethical system by which the offender must abide, such as those resulting from appointment as a public official or admission into a regulated, professional association. Defendant argues that parenting is not a public trust within the meaning of OAR 253-08-002(1)(b)(F) but is, rather, a "natural right" that all persons may enjoy without obtaining public authorization. *See Hruby v. Hruby*, 304 Or 500, 510, 748 P2d 57 (1987) ("[A] natural parent has the right to the custody of his or her children, absent a compelling reason for placing the children in the custody of another.").

---

[1] Defendant does not challenge the aggravating factor of the vulnerability of the victim. OAR 253-08-002(1)(b)(B). However, the court did not state whether that factor alone would support its departure decision. *See State v. Williams*, 131 Or App 85, 883 P2d 918 (1994), *on recons* 133 Or App 191, 891 P2d 3 (1995), *rev den* 321 Or 512 (1995).

The state counters that whether "parenthood" can be compared to what is traditionally considered a "public trust" is irrelevant, because the listed aggravating factors are not exclusive. Therefore, the state contends, a sentencing court can "create" its own variation of any factor including the "public trust" factor. Defendant responds that, notwithstanding the authority of a sentencing court to "create" departure factors, by specifically addressing breaches of positions of trust, the legislature impliedly said that *only* breaches of those trusts may serve as bases for departure. Therefore, defendant argues, the aggravating factor cannot be used here for what was the breach of a *private* trust.

■ At the time the legislature enacted OAR 253-08-002(1)(b)(F), it had before it the commentary. That commentary indicates that the factor was meant to capture the "traditional" concept of public trust, as defendant argues.[2] However, the state is correct that a sentencing court is not limited to the listed aggravating factors in imposing departure sentences. Nonetheless, if a court, in referring to breach of a "public trust" as a basis for departure intends to expand the traditional understanding of "public trust," it must define the scope of the "trust" and explain why it is properly viewed as "public" rather than private. In all events, a court cannot simply denominate as a "public trust" the expectations that society has about how its members should behave toward each other. *See State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992) (departure may not be predicated on general sociological statement).

We are unable to tell from the court's comments here whether the court relied on general expectations of behavior or whether it envisioned a more particular source for defining the "public trust." On the one hand, the sentencing court's

---

[2] The commentary explains the application of OAR 253-08-002(1)(b)(F) as follows:

"EXAMPLE: A local government employee who has been appointed to serve as a trustee on behalf of a number of elderly clients embezzles funds from the trust accounts. This offender has violated not only this trust relationship with the victims, but has also abused the authority vested in him as a public servant. Consequently, an aggravated sentence would be appropriate." *Sentencing Guidelines Implementation Manual* 131 (1989).

concept of the "public trust" appears to partake of the inherent fabric of society.[3] On the other hand, the remarks by the court indicate the "public trust" violation stemmed from the more particularized reason that the victim was assaulted during visitation ordered in a divorce.[4] On this record, we agree with defendant that the reasons given by the court do not support a finding that defendant violated a "public trust."[5]

■ We consider defendant's remaining two assignments together. Defendant argues that the court erred in relying on OAR 253-08-002(1)(b)(J), that the "degree of harm or loss attributed to the current crime of conviction was significantly greater than typical for such an offense," and in its judicially created factor of "lack of remorse." The court stated:

"It is bad enough to do the actions that the State has complained of here, presented proof on, and the jury found you guilty of. I think it's almost as bad but certainly very serious conduct for a father to subject his own daughter to the difficulties of a trial and force his daughter to explain to a

---

[3] The court stated:

"Once again I come back to that statement that you made to her, 'You are my property and I can do with you want I want.' I guess what I'd like to impress upon you is that she is not your property and you know you can't do with her what you want. All human beings deserve to be treated with respect by all other human beings, and particularly children and particularly your own children."

[4] The court stated:

"And to me it's different in quality in terms of the offense when there is a violation of this kind that occurs with someone's own child, the child doesn't have a choice to contact the defendant or not, the child has very few options available, particularly in a divorce situation where visitation is ordered. The child is pretty helpless in terms of being forced into proximity with the defendant, not once, but repeatedly so that does seem to me to be a qualitatively different situation."

[5] The court also appears to have been expanding on its reasons for finding that the victim was particularly vulnerable. It stated:

"There's also a particular vulnerability that all children have when dealing with their parents on any issue because parents—not only society places parents in a position of trust in the custodial care of their children, but children place a great deal of trust in their parents and their expectations of their parents to keep them safe are extremely high. I think our whole society is built on that foundation. Probably the most trusting relationship in human society is that of a child with his or her parents."

jury of 12 strangers and associated court personnel, including myself and the attorneys, what you put her through. And I think that is a further abuse of your child. And again one that you selfishly chose to put yourself above her hoping to escape the punishment that you so richly deserve. It's always difficult for a child to be forced to take a position where the child has to testify against a parent, and in this case your child cannot escape feeling responsible for sending you to jail, because once again you forced her into that position of testifying against you at trial. And at least in the back of her mind she will feel somewhat guilty for that, despite what you did to her that made it necessary for her to take that position. As a result of that, you have alienated her from her brother as well, and you have alienated her from her grandmother. If you had owned up to what you had done, if you had been man enough to come forward and admit your mistake, that alienation would not have occurred. Those people would know who has responsibility and wouldn't have any doubt about who was telling the truth. But once again you chose to put your own selfish interest above your daughter. I am astounded by the complete lack of remorse that you show under those circumstances, and it's very difficult for me to relate to someone who purports to love their child and then treats them like that."

■  Defendant first argues that the court erred because its use of OAR 253-08-002(1)(b)(J) was based on a general statement of the injury suffered by juveniles as a result of sexual abuse.[6] Defendant argues that here there is no evidence that the victim would suffer the harm that the court stated. Defendant is correct that a factor must relate to the

---

[6] The court stated:

"All child victims of sex offenses deal with the offense and the psychological scars of the event for the rest of their lives. These incidents are something that will affect your daughter and her brother, your son, and your ex-wife, their mother, and you. Human nature being what it is and the psychological trauma of having the fact that it inevitably must have on your daughter will affect every male individual with whom she has a relationship later on. Child victims of sex offenses tend to become further victims again and again throughout their life. They are easy prey for the other sex offenders, other victimizers in our society, and because of what you did it is more likely they will be victimized again and again as she grows up and becomes a teenager, begins dating and establishes an adult sexual relationship with one or more men later on in life. And you, sir, are going to have to live with that also because that also is a harm that you have inflicted on your own daughter."

individual victim. *Wilson*, 111 Or App at 152. Here, much of the court's reasoning was generalized comments about the effect of abuse.

However, even if the court's comments about the victim's alienation show individualized harm, defendant also contends that it could not be used because the factor was based on defendant's decision not to plead guilty but, instead, to go to trial and confront his accuser. Defendant also contends that the court's reliance on "lack of remorse" rested, in part, on his choice to go to trial.

The state agrees that a trial court may not impose a sentence that is harsher than it would have been had the defendant "not exercised his right to go to trial[.]" *State v. Fitzgibbon*, 114 Or App 581, 586, 836 P2d 154 (1992). The state contends, however, that here the departure was imposed because defendant's "persistent denial" and his refusal to acknowledge guilt have alienated the victim from her family.

We agree that a defendant's empathy—or lack thereof—is appropriate to a court's consideration of what sentence should be imposed. Here, there is a total absence of caring on defendant's part for the plight of the victim, his daughter.

■ Nonetheless, we agree with defendant that the exercise of his constitutional right to a trial was woven into the court's departure findings. We have previously made it clear that the record must affirmatively show that the court sentenced the defendant solely on the facts of his case and his personal history, and not as punishment for pleading not guilty and proceeding to trial. *State v. Qualey*, 138 Or App 74, 76, 906 P2d 835 (1995); *State v. Smith*, 52 Or App 681, 684, 629 P2d 420 (1981). The court's reasons here do not make that affirmative showing. The entire case must be remanded for resentencing. ORS 138.222(5).

Convictions affirmed; remanded for resentencing.