Argued and submitted February 18, remanded for resentencing; otherwise affirmed April 9, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DIEGO LARA ANDRADE,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH110223; A149473

325 P3d 48

Erica Herb, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Following a jury trial, the trial court entered a judgment convicting defendant of five counts of first-degree rape, ORS 163.375, and one count each of first-degree sodomy, ORS 163.405, attempted first-degree rape, ORS 161.405, first-degree sexual abuse, ORS 163.427, and fourth-degree assault, ORS 163.160. Pursuant to ORS 137.700,[1] on each of the first-degree rape convictions, as well as the sodomy conviction, the court sentenced defendant to 100 months in prison and 20 years of post-prison supervision, and, on the first-degree sexual abuse conviction, the court imposed a sentence of 75 months in prison followed by 10 years of post-prison supervision. The court ordered that each of those terms of imprisonment was to be served consecutively, for a total term of imprisonment of 675 months.[2] According to the court, although, given defendant's age, it would "likely have imposed * * * a shorter sentence," it "did not have any discretion in the sentencing procedure." The court explained that,

> "[i]n this particular case, under Oregon law, the law is clear in the sense that each of these, under Ballot Measure 11, give the court essentially no discretion in the actual sentence. And under case law, *those sentences all must be consecutive when they are mandatory minimum sentences under Ballot Measure 11 * * *.*"

(Emphasis added.)

Defendant asserts on appeal that the trial court erred when it concluded that, despite the fact that the crimes were not part of a continuous and uninterrupted course of conduct, it was required to impose the sentences on all of the first-degree rape, sodomy, and sexual abuse convictions consecutively. *See* ORS 137.123(2) ("If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct,

---

[1] ORS 137.700 provides for mandatory minimum sentences for a number of offenses, including first-degree rape, first-degree sodomy, and first-degree sexual abuse.

[2] Defendant's other convictions were not subject to mandatory minimum sentences pursuant to ORS 137.700, and the court ordered that the sentences for those convictions would be concurrent with the other sentences imposed.

\* \* \* the court *may* impose a sentence concurrent with or consecutive to the other sentence or sentences." (Emphasis added.)). Although defendant acknowledges that he did not preserve the issue before the trial court, he asserts that the error is apparent on the record and that we should exercise our discretion to correct it. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (the court has discretion to review unpreserved error apparent on the face of the record). The state concedes that, although the court had authority under ORS 137.123 to order defendant to serve the sentences in question consecutively, "nothing *require[d]* it to do so" and, to the extent that the court assumed "that it was required to order defendant to serve those sentences consecutively, that assumption was wrong, as a matter of law." (Emphasis in original.) We agree; although the court could have properly determined that consecutive sentences were appropriate in this case, its conclusion that it was required to impose consecutive sentences was error.

Furthermore, in view of the potential gravity of the error and the ends of justice, we conclude that it is appropriate to exercise our discretion to correct the error. *See Ailes*, 312 Or at 382 n 6. Thus, the case must be remanded for the trial court to properly apply ORS 137.123. *See* ORS 138.222(5) ("If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing.").

Remanded for resentencing; otherwise affirmed.