AOYAGI, J.
*307 Defendant was convicted of three counts of second-degree rape. On appeal, he assigns error to the sentencing court's imposition of three consecutive 75-month prison sentences and $1,600 in attorney fees. In his first and second assignments of error, defendant asserts that the sentencing court committed *916 plain error when it imposed consecutive sentences, rather than concurrent sentences, based on a mistaken belief that consecutive sentences were required. In his third assignment of error, defendant asserts that the sentencing court committed plain error when it imposed attorney fees without evidence in the record that he is or may be able to pay them. We agree with defendant on both issues.
The relevant facts are undisputed. Defendant was convicted of three counts of rape in the second degree, ORS 163.365. At sentencing, the parties agreed that, under ORS 137.700(2), defendant was subject to a mandatory minimum prison term of 75 months for each count. The state asked the court to impose consecutive sentences for a total of 225 months in prison. Defendant requested concurrent sentences for a total of 75 months in prison. The court ultimately imposed consecutive sentences:
"So for Count 1, for Rape in the Second Degree, you'll be sentenced to the Ballot Measure 11 sentence of 75 months. ***
"For Count 2, that being a second and separate criminal episode, I'm required, as I see it, to impose a consecutive sentence because that was a separate occasion on which you had had an opportunity for thoughtful reflection on the criminality of the first sentence-or the first crime that you had committed and despite that fact, committed a further forcible Rape in the Second Degree here.
"And that will be also 75 months under Ballot Measure 11, under the same terms, and that sentence will be consecutive to Count 1.
"For Count 3, that being a separate criminal episode, separate and distinct from that found in Counts 1 and 2 , I impose a further 75-month sentence ***. Again, that being a separate criminal episode, one in which you had the opportunity to-to think about the consequences of your *308 two previous criminal acts, [and] you chose to commit the same crime again."
(Emphases added.)
Defendant asserts that the sentencing court erred by imposing consecutive sentences based on a mistaken belief that it was required to do so because each rape conviction involved a separate criminal episode. In actuality, the sentencing court has discretion whether to impose consecutive sentences for offenses that took place in separate criminal episodes. "If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, *** the court may impose a sentence concurrent with or consecutive to the other sentence or sentences." ORS 137.123(2).
Defendant did not object during sentencing, so he asks that we exercise our discretion to review this issue for plain error. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."). Plain error is error that (1) is an error of law; (2) is apparent, meaning the point is "obvious, not reasonably in dispute"; and (3) appears on the face of the record. State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990).
The state agrees that, as a matter of law, it is indisputable that the trial court had discretion whether to impose consecutive or concurrent sentences for defendant's three rape convictions, notwithstanding their being the result of three separate criminal episodes. The state argues that the court did not commit plain error, however, because, when it said that it was "required" to impose consecutive sentences, it meant that it felt compelled to do so by the facts of the crimes, not that it was legally required to do so.
The record does not support that contention. We have previously held that it is plain error to impose consecutive sentences based on the mistaken belief that consecutive sentences are required. State v. Andrade , 262 Or. App. 203, 205, 325 P.3d 48 (2014). Here, based on what the court said when it imposed defendant's sentence, it mistakenly believed that consecutive sentences were legally required *309 because the charges related to three separate criminal episodes, and it imposed a sentence that was necessarily affected by that understanding of the law. It is *917 true, as the state points out, that the court also made statements about the gravity of defendant's crimes, their impact on the victim, and the appropriateness of his sentence, including stating that defendant had "justly earned" his sentence and that the sentence was "appropriate" for his crimes. Those statements must be understood, however, in the context of the court's expressly stated understanding that it was "required" to impose consecutive sentences.
For the same reasons as in Andrade , we exercise our discretion to correct the error and, accordingly, remand for resentencing. See id . ("[I]n view of the potential gravity of the error and the ends of justice, we conclude that it is appropriate to exercise our discretion to correct the error."). In doing so, we recognize that, on remand, it is possible that the court will exercise its discretion to impose the same sentence. That is its prerogative, but, if it does so, it must do so based on a correct understanding of the law. See id. ("[A]lthough the court could have properly determined that consecutive sentences were appropriate in this case, its conclusion that it was required to impose consecutive sentences was error.").
As for defendant's third assignment of error, the state concedes that the court committed plain error when it imposed attorney fees without evidence in the record that he is or may be able to pay them. We agree and accept the state's concession. See ORS 151.505(3) ; ORS 161.665(4) ; State v. Pendergrapht , 251 Or. App. 630, 634, 284 P.3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). We exercise our discretion to correct the error based on the same considerations discussed in State v. Coverstone , 260 Or. App. 714, 716-17, 320 P.3d 670 (2014) (citing Ailes v. Portland Meadows, Inc. , 312 Or. 376, 823 P.2d 956 (1991) ). Accordingly, we reverse the imposition of attorney fees.
Portion of judgment requiring defendant to pay attorney fees reversed; remanded for resentencing; otherwise affirmed.