PER CURIAM
*322 *838 Defendant appeals a judgment of conviction for five counts of first-degree sexual abuse. Defendant challenges his sentence, arguing that the trial court plainly erred in basing its sentencing decision, in part, on defendant's exercise of his right to a trial. The state concedes that the trial court plainly erred. We agree, accept the state's concession, and remand for resentencing; we otherwise affirm.
Defendant was indicted on 10 counts of first-degree sexual abuse of defendant's two daughters. Defendant waived a jury trial and his case was tried to the court. The court convicted defendant of five of those counts. During sentencing, in considering whether to order consecutive terms of incarceration, the trial court stated:
"[T]he fact that you did put your daughters through additional trauma by forcing them to take the witness stand, and, obviously, they were traumatized by it. And at no time did you seem to want to-to save them from having to be traumatized further, it does bear some weight on the Judgment that I'm going to render and the sentence I'm going to render.
"And I say that not to punish you for exercising your right to a jury trial but to, I guess, point out that it reflects a rather calloused and narcissistic view that this is about you and not about somebody you've caused harm to.
"So I've gone back and forth. Initially it appeared to me that one 75-month sentence for each of the children, and have them run consecutive would be significant and sufficient. So I just want to spend a moment reflecting on whether I make a third one consecutive or in part consecutive and concurrent."
The court then sentenced defendant to 75 months of incarceration on each of Counts 1 and 2 to run concurrently, 75 months on Count 5 to run consecutive to Count 1, 75 months on Count 7 to run consecutive to Count 5 for 25 months, and 75 months on Count 10 to run concurrently to all other counts, for a total of 175 months.
On appeal, defendant argues that the trial court plainly erred by imposing a sentence based, in part, on the *839 improper consideration that defendant had exercised his right to trial. The state concedes that the trial court plainly erred when it stated that defendant's decision to go to trial and require his daughters to testify would "bear some weight" on its sentencing decision, because that statement "improperly created an inference that defendant's sentence, or part thereof, was based on defendant's decision to proceed to trial."
We agree with and accept the state's concession. "A court must impose a sentence based solely on the facts of the case and the defendant's personal history, and not as punishment for pleading not guilty and proceeding to trial." State v. Qualey , 138 Or. App. 74, 76, 906 P.2d 835 (1995). In Qualey , the trial court made statements that led to an inference that it was basing its sentencing decision, in part, on the consideration that the defendant's decision to go to trial had caused trauma to the victim, who had to testify. Id . Because we could not "say that the court sentenced defendant solely on the facts of his case and personal history," we remanded the case for resentencing. Id. at 77, 906 P.2d 835 (emphasis in original). The same analysis and outcome applies to this case, where the trial court made similar statements. Further, we conclude that it is appropriate to exercise our discretion to correct the error in this case for the same reasons as discussed in State v. Camacho-Alvarez , 225 Or. App. 215, 217, 200 P.3d 613 (2009).
Remanded for resentencing; otherwise affirmed.