Submitted February 7; remanded for resentencing, otherwise affirmed
April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY TODD RAUCH,
*Defendant-Appellant.*

Marion County Circuit Court
17CR50776; A169341

464 P3d 505

Tracy A. Prall, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted on one count of first-degree unlawful sexual penetration, ORS 163.411, and three counts of first-degree sexual abuse, ORS 163.427. He received a 300-month sentence on the first-degree unlawful sexual penetration conviction, a 75-month consecutive sentence on one of the first-degree sexual abuse convictions, and concurrent sentences of 75-months each on the remaining two first-degree sexual abuse convictions. On appeal, he argues that the trial court plainly erred in sentencing him, because it specifically stated when weighing aggravating and mitigating factors at sentencing that it was considering the fact that defendant had exercised his right to go to trial. He also argues that his sentence on the first-degree unlawful sexual penetration conviction was unconstitutionally disproportionate. The state concedes the error as to the first point. We agree and accept the state's concession, and accordingly need not reach defendant's disproportionality argument.

When sentencing defendant, the court described aggravating factors it was considering, including "the requirement that [the victims] be made to testify, as the mother said in front of a room full of strangers and to tell their story, the Court has considered all of that when determining what sentence to impose." We have held that "[a] court must impose a sentence based solely on the facts of the case and the defendant's personal history, and not as punishment for pleading not guilty and proceeding to trial." *State v. Qualey*, 138 Or App 74, 76, 906 P2d 835 (1995). In *State v. Hainline*, 295 Or App 837, 838, 437 P3d 321 (2019), we concluded that a trial court plainly erred in circumstances comparable to the present case, when the court sentenced the defendant based on its consideration that the defendant had put the victims "through additional trauma by forcing them to take the witness stand." We exercise our discretion to correct the error in this case for the reasons outlined in *Hainline*. *Id.* at 839 (citing *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009)).

Remanded for resentencing; otherwise affirmed.