Submitted January 27, remanded for resentencing June 24, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL STEVEN MOORE,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301855; A168300

469 P3d 283

This is the second time this case has been heard on appeal. In *State v. Moore*, 290 Or App 306, 309, 414 P3d 915 (2018), defendant appealed from a judgment imposing sentences on his convictions for three counts of rape in the second degree. We reversed and ordered defendant resentenced. At resentencing, the trial court explained that its decision to impose consecutive sentences was, in part, based on defendant's decision to go to trial, thus "reoffending" the victim. Defendant asserts that the court plainly erred, arguing that the record must affirmatively show that the sentence imposed is based solely on the facts of the case and defendant's personal history, and not on defendant's exercise of his constitutional rights. The state responds that, because the court articulated other permissible reasons, the error is not plain. *Held*: Although defense counsel did not object to the trial court's reasoning, the court plainly erred. The record in this case fails to affirmatively show that the court imposed the sentence based solely on the facts of the case and defendant's personal history, and not on defendant's exercise of constitutional rights.

Remanded for resentencing.

Robert D. Herndon, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Remanded for resentencing.

**JAMES, J.**

This is the second time this case has been before us on appeal. In *State v. Moore*, 290 Or App 306, 309, 414 P3d 915 (2018), defendant appealed the judgment imposing sentences on his conviction for three counts of rape in the second degree. ORS 163.365. We reversed and ordered defendant resentenced. At resentencing, the trial court imposed consecutive sentences, explaining that three considerations affected its decision, one of which was that the defendant insisted on a trial "so the victim then was reoffended and ha[d] to appear in court once again and explain this case." Although defense counsel did not object to the trial court's reasoning, defendant asks us to find plain error, arguing that the record must affirmatively show that the trial court imposed sentence based solely on the facts of the case and defendant's personal history, and not on defendant's exercise of his constitutional rights. According to defendant, the record in this case fails to meet that standard, and plain error review is appropriate. We agree. Accordingly, we vacate the sentences and remand for resentencing.

The relevant facts for our purposes are procedural, and include comments made in the original sentencing, as well as on resentencing. Defendant was originally convicted following a bench trial of three counts of second-degree rape under ORS 163.365. At sentencing, the trial court explained that it was persuaded that the maximum sentence was appropriate, reasoning:

> "[T]he notion that this—there had to be a criminal proceeding and a trial so the truth could come out is, of course, sidestepped the one person who had the opportunity to make sure that a trial didn't take place is yourself by truly having accepted responsibility and having had the—passed the opportunity, apparently, to enter a guilty plea *** and keep this young woman from having to appear in court and testify to this."

The trial court then imposed a 75-month sentence for Count 1, rape in the second degree, and then imposed 75-month sentences for Counts 2 and 3, rape in the second degree, to run consecutively, resulting in a 225-month

aggregate sentence. The trial court explained its reasoning for imposing consecutive sentences:

> "For Count 2, that being a second and separate criminal episode, I'm required, as I see it, to impose a consecutive sentence because that was a separate occasion on which you had had an opportunity for thoughtful reflection on the criminality of the first sentence—or the first crime that you had committed and despite that fact, committed a further forcible Rape in the Second Degree here."

*Moore*, 290 Or App at 307 (emphasis omitted).

In his first appeal, defendant argued that the trial court plainly erred when it imposed consecutive sentences based on its mistaken belief that consecutive sentences were required. *Id*. We agreed and remanded for resentencing, but "recognize[d] that, on remand, it [was] possible that the court will exercise its discretion to impose the same sentence." *Id*. at 309. We noted that the sentence ultimately imposed was for the trial court to determine, but that whatever sentence the trial court imposed must be "based on a correct understanding of the law." *Id*.

On remand, counsel for defendant asked the court to exercise its discretion to run part of the three sentences concurrently. As with the first sentencing, the trial court declined, again imposing the same three consecutive 75-month sentences. The trial court explained that we "misinterpreted [its] remark," and when, in the original sentencing it said it was "required" to impose consecutive sentences, it meant that "[it] felt required to do it because the victim suffered three separate instances of—as a result of [defendant's] criminal conduct." Then, before re-imposing the same sentence, the trial court articulated three reasons for why, in its view, consecutive sentences were warranted in this case:

> "[Defendant] had the opportunity to think and reflect * * * and continued to reoffend. And then, additionally, you know the defense [defendant] offered up in this case and the explanation for [his] conduct was just absolutely unbelievably poor and just again reflected the fact that [he] just didn't get it at that point in time.

"And so, *the victim was reoffended and having to appear in court once again and explain this case.* These were three separate criminal episodes. The consecutive sentences as previously imposed were appropriate and the *facts just require* that that was the sentence you justly earned as a result of committing three separate crimes."

(Emphases added.)

Although defendant requested that the trial court impose concurrent sentences, he did not object to the trial court's comments. This appeal followed. On appeal defendant raises a plain error challenge to the trial court's imposition of consecutive sentences, arguing that, in light of the reasoning expressed by the trial court for imposing consecutive sentences, this record fails to affirmatively show that the trial court imposed sentence based solely on the facts of his case and personal history.

The state does not argue that the trial court's comment that "the victim was reoffended and having to appear in court once again and explain this case" was a proper consideration for the imposition of sentence. Rather, the state argues that, because other, permissible, reasons were articulated, we cannot be certain that the trial court imposed the sentence because of the *impermissible* reason. Rather, argues the state, "[a] reasonable inference—and arguably the most plausible one—is that the trial court knew the law on proper sentencing considerations and followed the law in deciding the appropriate sentence." That inference, argues the state, forecloses plain error review.

Whether a record evidences that a trial court sentenced a defendant solely on the facts of the case and defendant's personal history is a question of law, which we review for errors of law. *State v. Qualey*, 138 Or App 74, 76, 906 P2d 835 (1995). On claims of plain error, we apply the two-pronged inquiry first articulated in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Under the first prong, an error is "plain" if three requirements are met: (1) the claimed error must be an error of law; (2) the point must be obvious, *i.e.*, not reasonably in dispute; and (3) the error cannot require the court to go outside the record or select among competing inferences to decide it. *State v.*

*Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). If the first prong is satisfied, we must decide whether to exercise our discretion to review the error. In deciding whether to review a plain error, we may consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court, in some manner, was presented with both sides of the issue and given an opportunity to correct any error."

*Id.* at 180 n 11 (citing *Ailes*, 312 Or at 382 n 6). We turn now to the merits.

It is well-established Oregon law that "[t]he record must affirmatively show that the court sentenced the defendant solely upon the facts of the case and his personal history, and not as punishment for his refusal to plead guilty." *State v. Fitzgibbon*, 114 Or App 581, 587, 839 P2d 154 (1992) (citing *State v. Smith*, 52 Or App 681, 629 P2d 420 (1981)). A trial court "may not impose a sentence that is longer than it would have been had [the defendant] not exercised the right to go to trial or not utilized a defense that was inconsistent with owning up to his misdeeds." *Id.* at 586.

In *Qualey*, the sentencing court "openly expressed displeasure with the defendant's decision to take the case to trial" and stated:

> "From my perspective [defendant], you traumatized [the victim] twice: Once was on the day of the incident, and the second was putting him through this court hearing here again. That was a choice you made after lots of reflection, [and] after plenty of opportunity to consider the alternatives * * *."

138 Or App at 76. When the defendant's counsel questioned the motive behind the sentencing decision, the court responded: "[The defendant] is entitled to exercise his rights. He is not insulated from the consequences of doing that when it harms other people and there are viable alternatives." *Id.* at 77 (emphasis omitted). After reviewing the record as a whole, we held that "the court's statements le[d]

to the inference that defendant's sentence, or part thereof, was based on defendant's decision to reject the prosecutor's plea bargain and proceed to trial." *Id*. We remanded for resentencing because we could not say that the defendant was sentenced "*solely* on the facts of his case and personal history." *Id*. (Emphasis in original.)

In *State v. Hainline*, 295 Or App 837, 838, 437 P3d 321 (2019), the sentencing court stated:

> "The fact that you did put your daughters through additional trauma by forcing them to take the witness stand *** [that] does bear some weight on the Judgment that I'm going to render and the sentence I'm going to render."

*Id*. On appeal, the state conceded that the statement "improperly created an inference that defendant's sentence, or part thereof, was based on defendant's decision to proceed to trial." *Id*. at 839. We agreed and remanded for resentencing because we "could not 'say that the court sentenced defendant *solely* on the facts of his case and personal history.'" *Hainline*, 295 Or App at 839 (quoting *Qualey*, 138 Or App at 77 (emphasis in *Qualey*)).

Contrary to the state's argument in this case, the fundamental inquiry in these types of cases does not change when considered under a plain error lens. While we agree that in many instances the presence of competing inferences might caution against plain error review, here, competing inferences do not detract from the plain and obvious legal error. *Qualey* makes clear that the record must be devoid of any inference of a sentence imposed on an improper basis. A record is legally deficient if we cannot say "that the court sentenced defendant *solely* on the facts of his case and personal history." *Hainline*, 295 Or App at 839 (internal quotation marks omitted). The presence of a record that fails to meet that standard—where we cannot say that defendant was sentenced *solely* on the facts of his case and personal history, and not on some other impermissible basis—is legal error apparent on the face of the record.

Here, the record on resentencing shows that the trial court articulated three reasons for its imposition of consecutive sentences. The third reason was that "the victim was

reoffended and having to appear in court once again and explain this case." That comment echoes a similar comment by the trial court in the first sentencing where it stated, in imposing sentence, "the notion that this—there had to be a criminal proceeding and a trial so the truth could come out is, of course, sidestepped the one person who had the opportunity to make sure that a trial didn't take place is yourself." Those reasons are a clear comment on defendant's invocation of his constitutional right to a trial. Those statements are indistinguishable from the improper statements in *Qualey* that we held created an "inference that defendant's sentence, or part thereof, was based on defendant's decision to reject the prosecutor's plea bargain and proceed to trial." *Qualey*, 138 Or App at 77.

We recognize that trial courts, in imposing sentences, are often faced with courtrooms filled with individuals with different needs. It is understandable, and entirely human, for a trial court to want to express empathy for all people—victims, families, witnesses, the defendant, and the defendant's family. In fact, it is this respect for the needs and emotions of all who come before the court—the accused and the victimized, the injured and the injurer—that helps to imbue a trial court's legal decisions with the aura of justice. But there is a line between understanding the entirely real strain that a trial puts on people and using that strain as a rationale for the imposition of a sentence. Resolving matters at trial is "one of the most important safeguards against tyranny which our law has designed." *Lee v. Madigan*, 358 US 228, 234, 79 S Ct 276, 3 L Ed 2d 260 (1959). It is also the absolute right of all persons, regardless of the accusation.

Having determined that this record is plainly erroneous under the first prong of *Ailes*, we must determine whether to exercise our discretion to correct the error. In the context of exercising our plain-error discretion in sentencing errors, we have noted,

"[a]s pertinent to sentencing issues, we also consider whether the defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the

interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings."

*State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009).

Here, defendant did not encourage the error, and the failure to object is understandable. It is entirely rational for defense counsel, perceiving that a court is upset with a defendant, to try to minimize further harm by remaining silent. Finally, as we noted in *Camacho-Alvarez*, "the burden on the judicial system in amending its judgment and resentencing defendant is minimal [and] the ends of justice are served by convicting and sentencing defendant according to the law." *Id.* Finally, a record which does not reflect that a trial court sentenced a defendant based solely on the facts of the case and personal history, and not on the defendant's exercise of constitutional rights, risks undermining public confidence in the judicial system. For all those reasons, we exercise our discretion to correct the error here.[1]

Remanded for resentencing.

---

[1] Our disposition in no way affects the sentence ultimately imposed. The appropriate sentence is for the trial court to determine, and the trial court is not foreclosed from imposing the same sentence should the law permit, and, the facts warrant.