On respondents' motion to recall appellate judgment filed November 13, and appellants' response to motion to recall appellate judgment filed November 27, 2001, motion to recall appellate judgment allowed; court clarifies date of appellate judgment; motion seeking disclosure of deliberations of the Oregon Rules of Appellate Procedure Committee denied as moot; State Court Administrator directed to reissue appellate judgment *nunc pro tunc* June 19, 2001, March 20, 2002

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL NO. 48,
on behalf of its members previously employed
by Industrial Construction Services, Inc.;
Trustees of Harrison Electrical Workers Trust Fund;
Edison Pension Trust;
Metro Electrical Joint Apprenticeship
and Training Trust;
National Employees Benefit Fund;
Ninth District Retirement Plan;
and Collection Agent for Employees Covered under
the Electrical Workers Local 48 Administrative Funds,
*Appellants,*

*v.*

OREGON STEEL MILLS, INC.,
a Delaware corporation,
dba Oregon Steel Mills;
Chemical Bank,
as Trustee for the holders of the
first mortgage notes due 2003,
nka The Chase Manhattan Bank;
Anixter, Inc.,
an active Delaware corporation;
J.H. Kelly, Inc.,
an inactive Washington corporation;
and Air Products and Chemicals, Inc.,
an active Delaware corporation,
*Respondents,*

*and*

RESOURCE TECHNOLOGIES GROUP, INC.;
Star Industries, Inc.,
dba Star Rentals and Sales;
Consolidated Electrical District;
Vancouver Bolt and Supply, Inc.;
Wesco Distribution, Inc.;
A.C. Dellovade, Inc.;

Dick Industrial, Inc., fka Dick Corporation;
International Mills Services Corporation;
and Industrial Construction Service, Inc.,
*Defendants.*

9704-02954; A101903

44 P3d 600

Charles F. Adams, James N. Westwood, Scott E. Crawford, and Stoel Rives LLP, for motion.

Thomas W. Sondag, and Lane Powell Spears Lubersky, LLP, *contra.*

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

Kistler, J., concurring.

Armstrong, J., dissenting.

## EDMONDS, P. J.

Defendant Oregon Steel Mills, Inc., moves that we recall the appellate judgment in this case in order to clarify the effective date of our decision. The motion is part of defendant's effort to persuade the United States Supreme Court that a petition for writ of certiorari that defendants have attempted to file with that court is timely. We allow the motion to clarify the effective date of our decision.

This is our second decision on this motion. On February 13, 2002, we issued an opinion allowing the motion, generally for the reasons that we describe below. Judge Edmonds was the author of the majority opinion, in which Judge Kistler joined. Judge Kistler also issued a concurring opinion, and Judge Armstrong dissented. That decision was based on the arguments that defendant made in its motion and on the court's independent consideration of the issues involved. At the time, we believed that plaintiffs had not opposed the motion, a belief that was reflected in a statement on the cover page of the decision.

Upon receipt of our decision, plaintiffs' counsel notified us that it had, in fact, appeared in opposition to the motion; shortly thereafter it moved to vacate our decision. It attached copies of the opposition that it had filed, together with defendant's response. The appellate case docket shows that the Appellate Court Records Section received both plaintiffs' opposition and defendant's response in a timely fashion. Under normal procedures for a post-argument motion, that office should have retained the originals and provided copies to the members of the panel that heard the case. For some reason that did not happen in this case. The originals of plaintiff's opposition and defendant's response are not in the appellate court file. As a result, we did not consider plaintiffs' arguments before we issued our decision.

Plaintiffs are, of course, entitled to have us consider their arguments before we decide defendant's motion. Because that did not happen, we granted plaintiffs' motion to vacate our decision, and we withdrew the previous opinion from publication. That action allows us to consider all of the filings of both parties before deciding defendant's motion. We

are not reconsidering our earlier decision; because we were not aware of plaintiffs' position, we must start afresh.[1] Plaintiffs ask us to go beyond that action and to reassign the motion to a different panel or place it before the court *en banc*. They suggest that our previous decision will inevitably affect any new decision that this panel makes. We reject their request. This case has been under the consideration of this panel since the argument on the merits, and under our usual practices it is this panel's responsibility to decide the pending motions. That we reached a particular conclusion in the absence of the plaintiffs' arguments does not mean that we would reach the same conclusion after considering them. Indeed, as our previous opinions show, we have already considered most of the arguments that plaintiffs make in their memorandum opposing the motions. We turn to the substantive issues.

We issued our decision on the merits on May 31, 2000. *International Brotherhood v. Oregon Steel Mills, Inc.*, 168 Or App 101, 5 P3d 1122 (2000), *rev den* 332 Or 137 (2001). The Oregon Supreme Court denied defendant's petition for review on May 2, 2001, and the appellate judgment was issued on June 19, 2001. On September 14, 2001, defendant mailed its petition for a writ of certiorari to the United States Supreme Court. Under 28 USC section 2101(c), a party seeking a writ of certiorari to "bring any judgment or decree in a civil action, suit, or proceeding" before the Court has 90 days "after the entry of such judgment or decree" to file a petition for the writ. Defendant's petition was within that 90-day limit if the appellate judgment was the entry of judgment, but it was untimely if the Oregon Supreme Court's denial of review was controlling.

The office of the clerk of the United State Supreme Court refused to file defendant's petition on the ground that it was untimely. According to defendant, conversations with that office led it to file what it designated as a Motion to Direct Clerk to File Petition for Writ of Certiorari. The Court denied the motion on October 15, 2001; in its order, the Court

---

[1] We in fact reach the same result as our previous decision and use much of the language and analysis from that decision in this opinion. There is no reason to rewrite what we said before when it remains sufficient to express our conclusions.

described the motion as one "to direct the Clerk to file a petition for writ-of-certiorari out of time[.]" From those events, defendant concludes that the Court believed that the entry of this court's judgment for the purposes of 28 USC section 2101(c) occurred at some time before the issuance of the appellate judgment, most likely at the time of the denial of the petition for review.[2] It asked the Court to certify the question of the effective date of the decision to the Oregon Supreme Court. After the Court denied that request, defendant filed this motion, asking us to clarify that the entry of the appellate judgment was the dispositive event. It intends to use such a clarification to support a request that the Court revisit its refusal to permit the filing of the original petition for writ of certiorari.

■■ We have the authority to recall the appellate judgment as justice may require. *See* ORS 19.270(6)(a). The purposes for doing so may include, among other things, clarifying the meaning and effect of our judgment. *See State v. Casey*, 108 Or 386, 420, 213 P 771, 217 P 632 (1923).[3] Defendant argues that the United States Supreme Court may have misunderstood a matter of Oregon procedure to defendant's detriment.[4] One aspect of our system of justice is that a party

---

[2] Defendant argues that the United States Supreme Court looks to state procedures to determine the effective date of a state appellate decision and, thus, whether a petition for writ of certiorari is timely under 28 USC § 2101(c). It cites *Marquette Nat. Bank of Mpls. v. First of Omaha Serv.*, 439 US 299, 307 n 18, 99 S Ct 540, 58 L Ed 2d 534 (1978). In that case, Minnesota law deferred the entry of judgment until after the disposition of a petition for rehearing. The Minnesota Supreme Court issued its judgment six days after it entered an order denying the petition for rehearing. The United States Supreme Court held that the time for filing a petition for a writ of certiorari began to run from the date of the judgment, not of the denial of rehearing. On the other hand, plaintiffs refer to other, earlier cases that suggest that the Court treats the date of a state court's decision as controlling. In addition, Supreme Court Rule 13(1) indicates that the time to file a petition from an intermediate state appellate court's decision begins to run on the date that the state supreme court denies discretionary review. The correct resolution of any conflicts between the federal statute, cases, and rules, of course, is a matter for the United States Supreme Court's decision, as is the correct understanding of how the Oregon law that we describe in this opinion fits into the federal scheme.

[3] The term that the court used in *Casey* was "mandate," which at the time was the official method of communicating the appellate court's decision to the trial court. 108 Or at 420. The appellate judgment now serves that function, among others. *See* ORS 19.450.

[4] In our opinion on the merits, we construed the Employment Retirement Income Security Act, a federal statute. Whether our construction was correct raises issues of federal law.

should have its "day in court" in accordance with applicable rules of procedure. This case thus presents an appropriate occasion for us to recall the appellate judgment in order to clarify the effective date of our decision. Contrary to plaintiff's arguments, our purpose is not to overrule a decision of the United States Supreme Court, something that would be patently outside of our jurisdiction. Rather, our purpose is to explain an issue of Oregon procedure that we have not previously had occasion to discuss but that may be significant to the rights of the parties.

ORS 19.450(1) distinguishes between a "[d]ecision" of this court and its "[a]ppellate judgment." The statute defines a "[d]ecision" as "a memorandum opinion, an opinion indicating the author or an order denying or dismissing an appeal." A decision designates the prevailing party or parties, states whether the prevailing party is awarded costs and, if so, states who is to pay the costs. ORS 19.450(1)(a). The "[a]ppellate judgment" is "the decision of the Court of Appeals * * *, or such portion of the decision as may be specified by the rule of the Supreme Court, together with an award of attorney fees or allowance of costs and disbursements, if any." ORS 19.450(1)(b). For an appeal from a circuit court, as in this case, the appellate judgment is effective when a copy is entered in the appellate court's register and the appellate judgment is mailed to the court from which the appeal was taken. ORS 19.450(2), (3). The jurisdiction of the appellate court over the case does not end, and the trial court does not regain jurisdiction, until that mailing. ORS 19.270(6).

Plaintiffs argue at some length that what the statutes and appellate rules designate as the appellate judgment is not in fact a judgment but is simply a mandate that will form a basis for the lower court to take certain action. That argument misunderstands the applicable statutes and rules. The trial court's judgment remains in effect during the pendency of an appeal. Unless the judgment is stayed, the party that prevailed in that court may enforce it by all of the ordinary methods. *See* ORS 19.330. A decision of this court or the Oregon Supreme Court reversing or modifying the judgment does not affect the ability to enforce it until the appellate decision becomes effective. The appellate decision becomes

effective when the appellate judgment issues, and that appellate judgment is effective in itself, without any action of the lower court. *See* ORS 19.450(2). If the appellate judgment includes a money judgment for costs or attorney fees, or a money judgment against a surety on appeal, the trial court will docket the money judgment for the purposes of enforcement. *See* ORS 19.450(4), (5). That docketing is no different from a party filing a money judgment from a circuit court of another county or of a foreign court. *See* ORS 18.320(2); ORS 24.115. Filing in the circuit court is not necessary to making an appellate judgment a judgment.

Under our rules, the State Court Administrator will not ordinarily issue the appellate judgment enforcing a Court of Appeals decision until the time to petition for review by the Oregon Supreme Court has passed or that court has denied the petition. Throughout the time between the final appellate decision and the issuance of the appellate judgment, the circuit court judgment remains effective, even if the decision modifies or reverses it. The modification or reversal becomes effective immediately on issuance of the appellate judgment, not on its entry in the circuit court judgment docket. *See* ORAP 14.05(2).[5] In short, the appellate judgment is a judgment of the appellate court that makes effective the decision that that court previously announced in its opinion.

Our practices follow the statutory requirements. Every decision that we issue, with or without an opinion, includes a section that identifies the prevailing party and that states whether that party is awarded costs and, if so, who is to pay the costs. We do not determine the actual amount of the award of costs, or of any award of attorney fees, at that time. Rather, we base that determination on a subsequent statement of costs and disbursements and a petition for attorney fees and on the response, if any, to those filings. ORAP 13.05(5); ORAP 13.10. If no party seeks Oregon

---

[5] Plaintiffs seem to treat our statement in *Murray Well-Drilling v. Deisch*, 75 Or App 1, 6 n 5, 704 P2d 1159 (1985), *rev den* 300 Or 545 (1986), that the appellate judgment now serves the purpose of the former mandate in transmitting the appellate decision to the trial court, as being a full explanation of the functions of the appellate judgment. The fact that the appellate judgment serves the purpose that we described in that case does not foreclose it from having the other characteristics that we describe in this case.

Supreme Court review, or if that court denies the petition, the State Court Administrator then issues the appellate judgment. That judgment consists of the cover page of our decision, including our disposition of the case, together with one or more money judgments for specific amounts of costs, disbursements, and attorney fees. The first page is specifically labeled "APPELLATE JUDGMENT." There is a statement of the effective date at the end of the judgment; in this case the appellate judgment identified its effective date as June 19, 2001. Any opinion that the court issued with its decision is not part of the appellate judgment and does not accompany it. The denial of review by the Oregon Supreme Court, thus, is only one step in the process that leads to the entry of the effective action of this court, which occurs with the issuance of the appellate judgment.

Defendant suggests that the definition of "[d]ecision" in ORAP 14.05(1)(b) may appear to be inconsistent with this analysis and may have led the United States Supreme Court to conclude that the petition was untimely. The relevant portion of the definition provides that

"[d]ecision means a designation of prevailing party and allowance of costs together with,

"(i)   in an appeal from circuit or tax court * * * the order dismissing the appeal * * * or affirming without opinion; or with respect to a per curiam opinion, a memorandum opinion or an opinion indicating the author, the title page of the opinion *containing the court's judgment*." (Emphasis added.)

Defendant appears to believe that the difficulty arises from the italicized phrase, which may suggest that the original decision, rather than the subsequent appellate judgment, constitutes the court's judgment. As defendant points out, that portion of the rule seems to be a hold-over from the appellate rules that existed before the 1985 amendments to *former* ORS 19.190 (present ORS 19.450). Those amendments clarified the distinction between appellate decisions and the appellate judgment and led to our current practices. *See* Or Laws 1985, ch 734, § 12. In any case, reading the italicized phrase as meaning that the decision is the judgment is inconsistent with other portions of ORAP 14.05, as well as

with the current version of ORS 19.450.[6] In the context of the statute and of the rest of the rule, the phrase "the court's judgment," as used in ORAP 14.05(1)(b)(i), can refer only to the disposition that appears on the cover page of the court's decision. It does not mean that the court has issued its ultimate judgment when it issues its decision. Rather, it refers to the fact that, when that disposition is subsequently incorporated in the appellate judgment, it will constitute the judgment of the court. In this case, the appellate judgment was issued and became effective on June 19, 2001.

Because there is no ambiguity in the wording of the statute and rule when considered in their full context, defendant's motion seeking disclosure of the deliberations of the Oregon Rules of Appellate Procedure Committee concerning the adoption of ORAP 14.05 is moot.

Motion to recall appellate judgment allowed; court clarifies date of entry of appellate judgment in this case and determines that it was effective, as a matter of state law, on June 19, 2001; motion seeking disclosure of the deliberations of the Oregon Rules of Appellate Procedure Committee denied as moot; the State Court Administrator is directed to reissue the appellate judgment *nunc pro tunc* June 19, 2001.

**KISTLER, J.,** concurring.

Defendant Oregon Steel Mills, Inc., has filed a motion asking us to recall our judgment to clarify when the judgment was entered. Defendant's motion raises two related but separate questions. The first question is when, as a matter of state law, this court's judgment was entered. I agree with the majority that it is appropriate to recall the judgment to address that question, and that, as a matter of state law, the judgment is entered when the appellate judgment is entered in the register and mailed.

The second question is when, as a matter of federal law, the 90-day period for filing a petition for certiorari

---

[6] For example, ORAP 14.05(2) provides that an appellate decision is effective on the date that the State Court Administrator sends a copy of the appellate judgment to the trial court. ORAP 14.05(3) describes in detail when and under what circumstances the Administrator shall prepare the appellate judgment.

begins to run. The United States Supreme Court's jurisdiction to consider defendant's petition for certiorari turns on that determination, and I agree with the majority that the resolution of that federal issue is more appropriately left to the Court. *See* 180 Or App at 270 n 2. I write separately to identify more specifically the potential problem that litigants face in deciding when to petition for certiorari.

Section 2101(c) of Title 28 provides that "any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree." The Court has held that, when a party files a petition for certiorari from a state supreme court decision, the 90 days begins to run from the entry of the appellate judgment. *Puget Sound Co. v. King County*, 264 US 22, 25, 44 S Ct 261, 68 L Ed 541 (1924).

Rule 13(1) of the United States Supreme Court Rules provides:

> "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort * * * is timely when it is filed * * * within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

In this case, defendant is not seeking review of a judgment "entered by a state court of last resort." Rather, it is seeking review of a "judgment of a lower state court that is subject to discretionary review by the state court of last resort." Under the second sentence in Rule 13(1), the 90-day period for filing a petition for certiorari would appear to have begun running from the entry of the Oregon Supreme Court's order denying discretionary review.

The federal question that defendant's motion raises, and that we do not decide, is how the second sentence in Rule 13(1) relates to 28 USC section 2101(c) when, as a matter of state law, the lower state court's judgment is not entered until after discretionary review is denied. A litigant of course

may always avoid that question by filing a petition for certiorari within 90 days after entry of the order denying discretionary review. This case, however, squarely presents that federal question.

**ARMSTRONG, J.,** dissenting.

Defendant Oregon Steel Mills filed a petition for a writ of certiorari in the United States Supreme Court seeking review of our decision in *International Brotherhood v. Oregon Steel Mills, Inc.*, 168 Or App 101, 5 P3d 1122 (2000), *rev den* 332 Or 137 (2001). The Supreme Court clerk apparently concluded that defendant had not filed the petition within the applicable time limit and, as a consequence, refused to file it. At the clerk's suggestion, defendant then filed a motion seeking to direct the clerk to file the petition. The Court denied the motion, thereby rejecting review of our decision on the ground that defendant had not filed a timely certiorari petition.

In response to those events, defendant filed a motion asking us to recall our appellate judgment in *International Brotherhood* and to issue an opinion that confirms that our earlier opinion in the case was a decision and not a judgment and that the judgment that concluded the appeal in the case was issued after the Oregon Supreme Court denied review of our decision. Defendant hopes that our confirmation of those propositions will provide a basis for it to ask the United States Supreme Court to reconsider its rejection of defendant's certiorari petition and to conclude that defendant timely filed it.

The majority grants defendant's motion. I believe that it errs in doing that. My objections to its decision are threefold. First, I do not believe that we have authority to recall our judgment to do what defendant wants us to do. Defendant and the majority rely on *State v. Casey*, 108 Or 386, 420, 213 P 771, 217 P 632 (1923), for our authority to recall our judgment. *Casey* describes that authority as follows:

> "It is a general rule that appellate jurisdiction of [an appellate court] over a case ceases when the case has been determined and remanded to the lower court and the

[appellate judgment] has been entered of record in that court[.] However, a [judgment] may be recalled by the appellate court for the purpose of correcting errors, or for making clear the meaning and effect of the judgment made in the appellate court[.]" *Casey*, 108 Or at 420 (citations omitted).

It makes sense for an appellate court to be able to correct an error in its appellate judgment or to clarify the meaning and effect of its judgment when the parties or the courts on remand are uncertain about what the judgment did. Here, however, defendant does not ask us to correct an error in the judgment or to make its meaning and effect clear so that the parties or the trial court can comply with it. Rather, defendant asks us to recall our judgment so that we can tell the United States Supreme Court when we entered it. I do not believe that we have authority to recall our judgment to do that.

Second, although there is some unfortunate confusion in the definition of appellate judgment in ORAP 14.05 and ORS 19.450,[1] the issue presented by defendant's motion does not involve the proper interpretation of state law, but, rather, the proper interpretation of *federal* law. At bottom, defendant contends that the United States Supreme Court erred in concluding that defendant failed to file its certiorari petition within the time limit specified by *federal* law. It is for the United States Supreme Court to decide what act by us or by the Oregon Supreme Court started the 90-day period under federal law for defendant to file its certiorari petition.

---

[1] ORAP 14.05(1)(a) defines "appellate judgment" to mean

"a decision of the Court of Appeals or Supreme Court together with a final order and the seal of the court. As applied to appeals from circuit court, the appellate judgment is the appellate court decision referred to in ORS 19.450."

ORS 19.450(1)(a) provides, in turn, that appellate court decisions are the opinions and orders by which we and the Oregon Supreme Court decide cases. Because ORAP 14.05(1)(a) defines "appellate judgment" to include appellate court decisions as identified in ORS 19.450, we arguably enter two appellate judgments under ORAP 14.05 in every trial court appeal: one when we enter our decision in the case and one when we enter our judgment in it. Whatever problems that may create under state law, it is not an issue that is appropriate for us to resolve in this case, which concerns when, for purposes of federal law, the Oregon appellate courts entered the judgment or order from which defendant had 90 days in which to file its certiorari petition.

We have no role to play in resolving that issue, particularly at the behest of a party that has already lost on that issue.

Finally, as the concurrence suggests, there is reason to question whether the entry of our appellate judgment is the act that triggered the 90-day period for defendant to file its certiorari petition. That is because United States Supreme Court Rule 13(1) may require the petition to have been filed within 90 days of the Oregon Supreme Court decision that denied review in this case, rather than within 90 days of the entry of our appellate judgment. *See* 180 Or App at 274-76 (Kistler, J., concurring). For me, that is a further reason why we should not recall our judgment to identify when we entered it.

I respectfully dissent.