On appellant's motion to dismiss filed September 25, and respondent's response filed October 13, 2020; motion to dismiss is denied January 27, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANIEL STEVEN MOORE,
*Defendant-Appellant.*

### Clackamas County Circuit Court
CR1301855; A168300

482 P3d 222

In *State v. Moore*, 305 Or App 21, 469 P3d 283 (2020), after the opinion issued, but prior to issuance of the appellate judgment, defendant moved to dismiss his appeal. Defendant offers no explanation as to why, having obtained precisely the relief sought on appeal, he now desires dismissal. The state, likewise, without explanation, does not object to defendant's motion. *Held*: Having been offered no reason to exercise discretion to grant the motion, the motion to dismiss is denied.

Motion to dismiss is denied.

Robert D. Herndon, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services for motion.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, for response.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Motion to dismiss is denied.

## JAMES, J.

This matter has been appealed to this court two times. In *State v. Moore*, 290 Or App 306, 309, 414 P3d 915 (2018) (*Moore I*), defendant appealed the judgment imposing sentences on his conviction for three counts of rape in the second degree. ORS 163.365. We reversed and ordered defendant resentenced. At resentencing, the trial court imposed consecutive sentences, explaining that three considerations affected its decision, one of which was that the defendant insisted on a trial "so the victim then was reoffended and ha[d] to appear in court once again and explain this case." Defendant appealed from that resentencing, arguing that the record must affirmatively show that the trial court imposed the sentence based solely on the facts of the case and defendant's personal history, and not on defendant's exercise of his constitutional rights. We agreed, exercised our discretion to correct the error under our plain-error doctrine, and remanded for a third sentencing. *State v. Moore*, 305 Or App 21, 22, 469 P3d 283 (2020) (*Moore II*).

After we issued our opinion in the matter, but prior to issuance of the appellate judgment, defendant moved to dismiss the appeal. Defendant offered no explanation as to why, having obtained precisely the relief sought on appeal, he now desired dismissal. We called for a response from the state, who, likewise, without explanation, simply said that "it has no objection to defendant's motion." We conclude that our response to defendant's motion to dismiss his own appeal, following issuance of our opinion, is discretionary, not mandatory. Having been offered no reason from defendant why we should exercise our discretion to grant the motion, the motion is denied.

At the outset, we consider the timing of defendant's motion, occurring here after issuance of the opinion but before issuance of the appellate judgment. As we will explain, the timing of the motion determines whether our response is discretionary or obligatory.

Undertaking an appeal from a circuit court judgment is a voluntary action—typically parties are not compelled

to appeal. In appealing, a party is alleging to have been harmed by a ruling of the trial court. Generally, an allegation of harm is a necessary element to an appeal. Article VII (Amended), section 3, of the Oregon Constitution requires an appellate court to affirm a trial court, notwithstanding any error, if there is little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003). When a party seeks to dismiss an appeal, while the impetus for moving to dismiss may have many motives, as a practical matter the effect of such a motion is that the party is disclaiming that they have been harmed by a ruling of the circuit court, that requires an appellate remedy. A voluntary dismissal of an appeal will generally end the case or controversy.

The Oregon Constitution provides that judicial power is "limited to the adjudication of an existing controversy." *Yancy v. Shatzer*, 337 Or 345, 362, 97 P3d 1161 (2004). When a court, including an appellate court, is asked to decide "a matter that no longer is a controversy between the parties[,] *** Article VII (Amended), section 1, of the Oregon Constitution constrains us from doing so." *Id.* at 363. A justiciable controversy requires an "actual and substantial controversy between parties having adverse legal interests." *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982). "A justiciable controversy is, by very definition, one that is not hypothetical." *Couey v. Atkins*, 357 Or 460, 470, 355 P3d 866 (2015).

Accordingly, our approach to a motion to dismiss a party's own appeal is dependent upon whether the filing of a motion to dismiss a party's own appeal has ended the case or controversy. If it has, then we are without discretion to deny it. However, that is not the case when such a motion is filed after the issuance of an opinion.

ORS 19.450(1) distinguishes between a "[d]ecision" of this court and its "[a]ppellate judgment." The statute defines a "[d]ecision" as "a memorandum opinion, an opinion indicating the author or an order denying or dismissing an appeal." A decision designates the prevailing party or parties, states whether the prevailing party is awarded costs and, if so, states who is to pay the costs. ORS 19.450(1)(a).

The appellate judgment is "the decision of the Court of Appeals * * *, or such portion of the decision as may be specified by the rule of the Supreme Court, together with an award of attorney fees or allowance of costs and disbursements, if any." ORS 19.450(1)(b). For an appeal from a circuit court, as in this case, the appellate judgment is effective when a copy is entered in the appellate court's register and the appellate judgment is mailed to the court from which the appeal was taken. ORS 19.450(2). The jurisdiction of the appellate court over the case does not end, and the trial court does not regain jurisdiction, until that mailing. ORS 19.270(6).

Effectively, the principal distinction between an opinion and the appellate judgment is enforceability. As we explained in *International Brotherhood v. Oregon Steel Mills, Inc.*, 180 Or App 265, 271-72, 44 P3d 600 (2002):

> "The trial court's judgment remains in effect during the pendency of an appeal. Unless the judgment is stayed, the party that prevailed in that court may enforce it by all of the ordinary methods. *See* ORS 19.330. A decision of this court or the Oregon Supreme Court reversing or modifying the judgment does not affect the ability to enforce it until the appellate decision becomes effective. The appellate decision becomes effective when the appellate judgment issues, and that appellate judgment is effective in itself, without any action of the lower court. *See* ORS 19.450(2)."

Therefore, when a party files an appeal alleging to have been harmed by a ruling of a circuit court, it is our opinion—the decision of the court—that is the resolution of the case or controversy presented on appeal. Accordingly, a motion to dismiss a party's own appeal filed after the issuance of an opinion does not extinguish the case or controversy, as it would do so if filed earlier. Rather, the issuance of our opinion resolves the appellate case or controversy. This does not change when the motion is filed prior to issuance of the appellate judgment. The appellate judgment is the mechanism to enforce our resolution. As such, our approach to motions to dismiss a party's own appeal filed after issuance of an opinion is discretionary, not mandatory.

In exercising our discretion in such circumstances, we are guided by several considerations.[1] First, we consider the reasons given for dismissal. Settlement among the parties is always encouraged. Motions that are the result of a joint settlement of the dispute, not just on appeal, but globally, will weigh in favor of granting the motion to dismiss.[2] In contrast, a motion to dismiss an appeal filed by the party who initiated the appeal, and prevailed on appeal, is disfavored, absent a compelling explanation. Second, we consider the court resources affected by our decision. Third, we consider whether, given the issues and reasoning expressed in the opinion, granting dismissal prior to issuance of the appellate judgment and thereby failing to enforce our decision, would affect public confidence in the judicial system. Fourth, we consider the effect, if any, that failing to enforce our decision by appellate judgment would have on a crime victim's right to be present at a hearing under Article I, section 42(a), of the Oregon Constitution.

Applying those principles here, defendant initiated the appeal, prevailed on the issue raised, and has offered no explanation for why dismissal is appropriate. We therefore decline to exercise our discretion to dismiss the appeal following the issuance of our decision.

Motion to dismiss is denied.

---

[1] Defendant does not ask us to vacate our decision in this case. *Vacatur* is an "extraordinary remedy" to which a party must show an "equitable entitlement." *Kerr v. Bradbury*, 340 Or 241, 250, 131 P3d 737, *adh'd to on recons*, 341 Or 200, 140 P3d 1131 (2006) (internal citations omitted). "[A]ny choice regarding the application of vacatur must take account of the public interest. Judicial precedents are presumptively correct and valuable to the legal community as a whole." *Id.* (internal quotation marks and citations omitted).

[2] ORAP 7.45(1) provides that, "[i]f a party files a motion to dismiss an appeal filed by that party, or files a response to such a motion, and the motion is the result of a negotiated settlement or compromise, the motion or response shall so state."