504 March 5, 2025 No. 196

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HENRY STEVE BAUER,
aka Henry Stephen Bauer,
*Defendant-Appellant.*

Washington County Circuit Court
21CR26224; A181696

Eric Butterfield, Judge.

Argued and submitted May 29, 2024.

Steven J. Sherlag argued the cause for appellant. Also on the briefs was Sherlag De Muniz LLP. On the reply brief was Alexandria M. Hanna.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment that entered three separate convictions for attempted sexual abuse in the first degree. ORS 161.405(2)(c); ORS 163.427. In his sole assignment of error, defendant argues that the trial court erred when it did not merge the three convictions. For the following reasons, we affirm.

Defendant was charged with four counts of sexual abuse in the first degree based on allegations that he had touched the victim's butt, vagina, inner thigh, and breasts. The indictment alleged that each of the counts arose from "a separate act and transaction." In a written plea petition, defendant agreed to plead guilty to three lesser-included counts of attempted sexual abuse in the first degree. As relevant to this appeal, the petition contained a stipulated sentence of "60 mos c/c on all counts; D/M ct 4, five yrs post-prison supervision less time served." The paragraph containing the reasons defendant was pleading guilty contained the line that "[defendant] contends charges will merge & stips to 9C GB."

At the sentencing hearing, the prosecutor indicated without objection that "this is a stipulated sentencing agreement." After the prosecutor made a factual statement and read a victim impact statement, defense counsel "ask[ed] the court to follow the recommendations which were reached in a difficult situation for everybody, and I think is appropriate under the circumstances and charges in this case." The court then stated its "intent to honor the stipulation of the parties as I understand it. That is, that [defendant]'s a 9 C on each Counts 1, 2, and 3, with a presumptive 56 to 60 month sentence. Again, by stipulation, the court will impose a 60 month sentence[.] *** Count 4 will be dismissed. The counts merge for purposes of sentencing." When the court asked if the parties had "anything," defense counsel replied "I believe that merger is not just for sentencing purposes, but for conviction purposes. It's a general merger." The court indicated that it was "merging them just for purposes of sentencing" and that defendant "was welcome to appeal that, if he likes." This appeal followed.

The first question we must answer is whether we have jurisdiction to review defendant's appeal. We do not have jurisdiction to "review any part of a sentence resulting from a stipulated sentencing agreement." ORS 138.105(9). It is undisputed on this record that defendant's sentence was the result of a stipulated sentencing agreement. However, the scope of the stipulation is not entirely clear because the plea petition contained the line "[defendant] contends charges will merge & stips to 9C GB."

We conclude that, at most, the line that "[defendant] contends charges will merge & stips to 9C GB" gave defendant an opportunity to argue that the convictions themselves should merge, not just that he should be sentenced to concurrent sentences.[1] The problem for defendant is that he did not take advantage of that opportunity. Defendant made no argument in support of the theory that he advances on appeal.

Despite the indictment explicitly alleging that defendant had committed each offense as a "separate act and transaction," defendant never argued to the trial court that he believed there was an insufficient factual basis to support three separate convictions. In fact, the only statement defendant made regarding merger of convictions came after the court had already imposed the sentence when defense counsel said that "I believe that merger is not just for sentencing purposes, but for conviction purposes. It's a general merger." That general statement did not preserve the claim defendant advances on appeal. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (explaining that the preservation rule requires that a party "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error").

---

[1] Defendant argues that the line refers to merger of the convictions themselves. We observe that it is not entirely clear what that line means. Both the parties and the court in this case incorrectly used the term "merger" to refer to concurrent sentences. Using the parties' primary terminology, this line would not have the meaning that defendant advances. But because we affirm even under defendant's proposed interpretation of the line, we do not need to reach a conclusive determination about its meaning.

If defendant had a different view of what the stipulated sentence entailed, he needed to advance that theory to the trial court. And if defendant believed that the charges had to merge because the state had failed to provide a sufficient factual basis to establish a sufficient pause, he needed to argue that to the trial court as well. Defendant had multiple opportunities to express his understanding of the stipulation or his position regarding merger of convictions, but he never did so.

As a result, defendant's claim is not preserved, and our review is for plain error. Plain-error review is a two-step process. First, we must first determine whether the error is plain. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences"). If it is plain, then we must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

Here, we would have to choose between competing inferences as to whether there was a sufficient pause under ORS 161.067(3) to prevent merger of the convictions. The indictment charged each count as a "separate act and transaction," and defendant entered unqualified guilty pleas to lesser-included offenses of three of those counts. Additionally, the prosecutor's brief description of the facts indicated that the evidence would show that defendant "made [the victim] lay down on the table and flipped her over on multiple occasions and proceeded to massage her naked body, including her breasts, her inner thighs, her vaginal area and her buttocks" and the prosecutor represented that "I do believe that had we gone through a trial, the evidence would have panned out differently than the defense expects and that there would be a very reasonable argument for consecutive time[.]" A "sufficient pause" is "a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent." *State v. West-Howell*, 282 Or App 393, 397,

385 P3d 1121 (2016), *rev den*, 361 Or 312 (2017) (internal quotation marks omitted). Although we have cases in which we have found that merger was required when separate acts of touching of a single victim occurred on one occasion, *see, e.g.*, *State v. Lasheski*, 309 Or App 140, 146-50, 481 P3d 966 (2021), our analysis is always fact-specific and involves determining whether there was a sufficient pause between incidents. Here, the record supports a reasonable inference that there was a sufficient pause between each incident to prevent merger. As a result, there is no plain error.

In addition, even if we found plain error, we would not exercise our discretion to correct it. Unlike a case in which convictions merge as a matter of law, the question of merger in this circumstance was highly fact-specific and would depend on a full evaluation of the evidence. Defendant's failure to make his arguments before the trial court prohibited that necessary factual development. *See Ailes*, 312 Or at 382 n 6 (a key factor guiding our discretion whether to correct an unpreserved error is "whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error"). The missing factual development also prohibits us from assessing the gravity of any error and whether the ends of justice would require its correction.

Affirmed.